FILED - 1/10/2023 3:38 PM
2023-DCL-00182 / 71666718
LAURA PEREZ-REYES
Cameron County District Clerk
By Yaritza Castaneda Deputy Clerk

CAUSE NO. 2023-DCL-00182 _____

| | | |
|---|---|---|
| **YSIDORA VILLARREAL & SOFIA HERNANDEZ**<br>*Plaintiff*<br><br>v.<br><br>**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**<br>*Defendant* | § § § § § § § § § | IN THE DISTRICT COURT<br><br>Cameron County - 404th District Court<br><br>_____ JUDICIAL COURT<br><br>CAMERON COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

 **COME NOW YSIDORA VILLARREAL and SOFIA HERNANDEZ**, hereinafter referred to by name or as Plaintiffs, and complain of **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** (hereinafter "State Farm"), hereinafter referred to by name or as Defendants, and for cause of action would respectfully show unto the Court the following:

### I.
### DISCOVERY CONTROL PLAN

1. Plaintiffs intend that discovery be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

### II.
### PARTIES

2. Plaintiff **YSIDORA VILLARREAL** is an individual residing in Cameron County, Texas.

3. Plaintiff **SOFIA HERNANDEZ** is an individual residing in Cameron County, Texas.

4. Defendant **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** is a domestic insurance company and may be served with process through its attorney for service, Corporation Service Company, 211 E 7th St., Suite 620, Austin, Texas 78701.

### III.
### JURISDICTION & VENUE

5. Jurisdiction is proper before this Court because the amount in controversy is within the jurisdictional limits of this Court. Additionally, this Court has jurisdiction over the parties because Defendants are Texas residents and/or do business in the State of Texas.

6. Venue is proper in Cameron County pursuant to § 15.002(a)(1) of the CIVIL PRACTICE & REMEDIES CODE and § 17.56 of the BUSINESS & COMMERCE CODE because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county occurred in Cameron County, Texas.

7. Additionally, venue is proper in Cameron County pursuant to § 1952.110 of the INSURANCE CODE because the collision made the basis of this suit occurred in Cameron County, Texas.

### IV.
### FACTS

8. This is a suit to recover damages arising from **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** unfair refusal to pay insurance benefits pursuant to the policy of automobile insurance sold to the Plaintiff. Specifically, Defendants have refused to pay Plaintiffs' claims under the Uninsured/Underinsured Motorist provisions of the policy. Plaintiffs seek relief under the common law, the DECEPTIVE TRADE PRACTICES CONSUMER PROTECTION ACT (DTPA), and the TEXAS INSURANCE CODE.

9. On or about January 25, 2022, Plaintiff **YSIDORA VILLARREAL** was operating her

vehicle in a prudent and lawful manner, with Plaintiff **SOFIA HERNANDEZ** riding as a front seat passenger, when Plaintiffs' vehicle suddenly, violently, and without warning was struck from the rear. **GUSTAVO ROUX** struck the Plaintiffs from behind causing them to sustain property damage and severe personal injuries to their bodies, as more fully set forth below.

10.   Prior to January 25, 2022, Defendant **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** issued **YSIDORA VILLARREAL**, an insurance policy protecting against loss caused by bodily injury and property damages caused from the ownership, maintenance, or use of an uninsured/underinsured motor vehicle. Such policy was in full force and effect on January 25, 2022.

11.   **GUSTAVO ROUX** was, at the time of the occurrence described above, operating an uninsured vehicle, as that term is defined in the policy of insurance issued by the Defendant **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.** Plaintiffs timely and properly notified Defendant **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** of the accident.  Plaintiffs would show that a policy of insurance with Defendant **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** had uninsured motorist coverage. Plaintiffs have fully complied with all conditions of the insurance policy prior to bringing this suit.  All conditions precedent have been performed or have occurred.  Nevertheless, Defendant **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** has failed and refused and still fails and refuses, to pay Plaintiffs reasonable benefits under this policy as it is contractually required to do.

12.   **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** continued to adjust and evaluate Plaintiffs' uninsured/underinsured motorist claims under their policy with **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.** Throughout the

claims adjustment process, **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** has failed to tender the policy limits to Plaintiffs and has refused to tender a reasonable amount of insurance proceeds to cover Plaintiffs' loss and damages as of the date of this filing. Further, Plaintiffs' damages are ongoing and as of the date of this filing, exceed the underlying policy. In addition , **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** has refused to alter or adjust their unreasonable position, in breach of their insurance agreement with Plaintiffs. Therefore, Plaintiffs have been forced to seek relief from this Honorable Court and jury for the damages sustained by **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S** conduct.

## V.
## CAUSES OF ACTION AGAINST STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

A.   **BREACH OF CONTRACT**

13.   There was a valid and enforceable contract, an automobile insurance policy between Plaintiff and **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**. As such, Plaintiff and **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** are in privity of the contract. Further, Plaintiffs performed their obligations under the contract when they tendered performance in the form of consideration for the insurance policy, and paid their policy premiums. **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** breached its obligations under the insurance policy and contract when it failed to tender the policy limits to cover **YSIDORA VILLARREAL** and **SOFIA HERNANDEZ**'s injuries, as promised and warranted in the policy. **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** also breached the contract after Plaintiff tendered good and valid consideration for the policy and after Plaintiffs performed their contractual obligations,

Defendant failed to perform under said contract. Finally, **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY's** breach of contract has caused Plaintiffs' injuries.

**B.     UNFAIR INSURANCE PRACTICES**

14.     Defendants **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** are guilty of unfair insurance practices in violation of ARTICLE 21.21, § 16 and CHAPTER 541 of the TEXAS INSURANCE CODE, and the statutes, rules, and regulations incorporated by the provision. These unfair practices have been producing causes of Plaintiffs' actual damages.

15.     Plaintiffs assert claims against Defendants pursuant to TEXAS INSURANCE CODE §541.061. Plaintiffs would show that Defendants made misrepresentations about the insurance policy made the basis of this lawsuit. Plaintiffs would show that Defendants made untrue statements of material fact in violation of TEX. INS. CODE §541.061(2)

16.     In the alternative, Plaintiffs would argue that Defendants made statements in a way that would lead a reasonably prudent person to a false conclusion about a material fact in violation of TEX. INS. CODE §541.061(3). Defendants also made a material misrepresentations of law, and failed to disclose matters that were required by law to be disclosed to Plaintiffs in violation of TEX. INS. CODE §541.061(4).

17.     Notwithstanding the bad faith or breach of the duty of fair dealing as set forth above, Defendants also engaged in other unfair settlement practices against Plaintiffs, **YSIDORA VILLARREAL** and **SOFIA HERNANDEZ**. Plaintiffs would show that Defendants violated TEX. INS. CODE §541.060 when Defendants engaged in the following acts or practices:

    a.     Misrepresenting to Plaintiff a material fact or policy provision relating to the coverage at issue in violation of TEX. INS. CODE §541.060(a)(1);

    b.     Failing to attempt, in good faith, to bring about a prompt, fair, and equitable settlement of a claim in violation of TEX. INS. CODE §541.060(a)(2)(A);

c.  Failing to promptly provide a policy holder a reasonable explanation, based on the policy as it relates in the fact or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim in violation of TEX. INS. CODE §541.060(a)(3); and

d.  Failing to affirm or deny coverage of a claim to a policy holder within a reasonable amount of time in violation of TEX. INS. CODE §541.060(a)(4)(A).

18. For further pleading, in the alternative, and should such be necessary, Plaintiffs would show that Defendants have acted in bad faith in the manner in which they have handled Plaintiffs' ongoing claim. Plaintiffs presented a legitimate claim to Defendants. Plaintiffs' claim, the past, ongoing, and future damages involved exceeds the amount covered in the policy. Therefore, Plaintiffs believe it to be unconscionable and an act of bad faith that Defendants would refuse to tender the full policy limits to cover the damages Plaintiffs have incurred, even though Plaintiffs have sustained permanent and life altering injuries and damages. Further, it is apparent to any reasonable and prudent insurance provider that Plaintiffs' damages exceed the amount covered under the policy.

C.  **BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

19. Defendants **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** have breached their duty of good faith and fair dealing by denying Plaintiffs' uninsured/underinsured motorist claims without any reasonable basis and by failing to conduct a reasonable investigation of Plaintiffs' claims and failing to effect prompt resolution of Plaintiffs' claims. Defendants' breach has been a producing and proximate cause of Plaintiffs' actual damages.

D.  **VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT**

20. Defendants **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** are liable because their actions constitute violations of the TEXAS DECEPTIVE TRADE PRACTICES

Act ("DTPA"). Specifically, Defendants violated the DTPA in one or more of the following aspects:

    a.    Representing that the goods or services have characteristics or benefits that they do not have in violation of Tex. Bus. & Comm. Code § 17.56(b)(5);

    b.    Representing that the goods or services are of a particular standard, quality or grade, or that the goods are of a particular style or model, that they are not in violation of Tex. Bus. & Comm. Code §17.46(b)(7);

    c.    Representing that an agreement confers rights or involves rights, remedies, or obligations that it does not, or that are prohibited by law in violation of Tex. Bus. & Comm. Code § 17.46(b)(12);

    d.    Failing to disclose information about the goods or services that was known at the time of the transaction when the failure to disclose was intended to induce Plaintiffs to enter into a transaction that Plaintiff would not have entered into if the information had been disclosed in violation of Tex. Bus. & Comm. Code § 17.46(b)(23); and

    e.    Acting in an unconscionable manner in that Defendant's denial of Plaintiffs' claim took advantage of Plaintiffs' lack of knowledge, ability, experience, or capacity to a grossly unfair degree in violation of Tex. Bus. & Comm. Code § 17.50 (a)(3).

**E.    Fraud**

21.    Defendants **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** made representations to Plaintiffs about the insurance policy. The representations made by the Defendants were material and false. When Defendants made the representations, Defendants knew the representations were false, or Defendants made the representations recklessly, as positive assertions, and without knowledge of the truth of the representations. Defendants made the representations with the intent that Plaintiffs act on them. Plaintiffs acted on them by purchasing and paying for the insurance policy the subject of this suit. Plaintiffs relied on the representations made by Defendants and believed then to be fully covered by **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY's** insurance policy. Plaintiffs'

reliance on the representations made by Defendants caused Plaintiffs injury.

F.   AGENCY AND RESPONDEAT SUPERIOR

22.   As it relates to each and every cause of action set forth herein, Plaintiffs assert the legal theories of agency and respondeat superior as those terms apply. **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY's** employees, agents, or sub-contractors were responsible for some, or all, of the conduct of **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**. Thus, any and all acts or omission of **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY's** employees, agents, or sub-contractors that caused harm to Plaintiffs are acts of **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** pursuant to Texas law. Further, the acts, conduct and/or omission made by or done by any one Defendant were done with the actual, implied, or apparent knowledge of all **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**. Therefore, Plaintiffs seek recovery against **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** under the theories of agency or of respondeat superior for any cause of action alleged herein or for any intentional, knowing, reckless, or negligent acts or omission caused by **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY's** agents.

## VI.
## DAMAGES

23.   Defendants' acts have been producing and proximate causes of damages to Plaintiffs within the jurisdictional limits of this Court.

24.   Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff seeks monetary relief **OVER TWO HUNDRED THOUSAND AND 00/100 DOLLARS ($200,000.00)** but not more than **ONE MILLION AND 00/100 DOLLARS ($1,000,000.00)** and a demand for judgment for all the other relief to which Plaintiffs **YSIDORA VILLARREAL and SOFIA**

**HERNANDEZ** deem themselves justly entitled at the time of filing this suit, which, with the passage of time, may change.

25.    Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff seeks monetary relief **OVER ONE MILLION AND 00/100 DOLLARS ($1,000,000.00)** and a demand for judgment for all the other relief to which Plaintiffs **YSIDORA VILLARREAL and SOFIA HERNANDEZ** deem themselves justly entitled at the time of filing this suit, which, with the passage of time, may change.

## VII.
## ADDITIONAL DAMAGES AND PENALTIES

26.    Defendant's conduct was committed knowingly. Accordingly, Defendants are liable for additional damages as authorized by TEXAS. INS. CODE CHAPTER 540 and TEX. BUS. & COMM. CODE § 17.50 (b)(1). Plaintiffs are also entitled to an additional two times the first $1,000 in actual damages, as provided by TEX. BUS. & COMM. CODE § 17.50 (b)(1).

27.    **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** acted with conscious indifference to the rights of the Plaintiffs in breaching the duty of good faith and fair dealing; therefore, **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** are liable for exemplary damages.

28.    Additionally, Plaintiffs are also entitled to the 12% penalty allowed by TEX. INS. CODE CHAPTER 542 based on Defendants' refusal to pay the claim.

29.    If the Defendant claims that the Plaintiffs had pre-existing conditions, diseases or infirmities in body, and if said conditions or diseases existed in any degree, whatsoever, the above-described accident aggravated, accelerated and/or made worse such conditions, diseases or infirmities so as to be a proximate cause of injuries, disability and/or damages. If the Defendant claims any doctor aggravated Plaintiffs' injuries, the Plaintiffs may recover for aggravation of

injuries brought on or about by improper medical treatment since they were not negligent in the selection of their medical advisors.

30. If it is the Defendant's contention that the Plaintiffs' medical bills are limited to those only paid and/or incurred by them or their insurance company, including Plaintiffs' deductibles and co-payments, then Plaintiffs hereby seek recovery for the premiums they have paid for such insurance coverage since the Defendant has robbed them of the benefits of that insurance coverage without fair, due and just compensation. Additionally, Plaintiffs would show that TEX. CIV. PRAC. & REM. CODE §41.105 is an unconstitutional taking of Plaintiffs' property.

## VIII.
## ATTORNEY'S FEES

31. Plaintiffs have been compelled to engage the services of the attorneys whose names are subscribed to this pleading for the prosecution and collection of the claim. Therefore, Plaintiffs are entitled to recover from Defendants the additional sum of 18 percent per year of the amount payable under the policy as penalty, together with a reasonable sum for the necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals of the Supreme Court of Texas. Additionally, Plaintiffs are entitled to reasonable and necessary attorneys' fees pursuant to TEX. CIV. PRAC. & REM. CODE § 38.001 (8); TEX. INS. CODE ARTICLE 21.21, § 16; TEX. BUS. & COMM. CODE § 17.50; and TEX. INS. CODE ARTICLE 3.62-1.

## IX.
## INTEREST

32. Plaintiffs further request both pre-judgment and post-judgment interest on all their damages as allowed by law.

## X.
## JURY DEMAND

33. Plaintiffs request that this case be decided by a jury as allowed by TEX. R. CIV. P. 216. The appropriate jury fee has been paid by the Plaintiffs.

## XI.
## NOTICE OF SELF-AUTHENTICATION

34. Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants are hereby noticed that the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully pray that they recover from Defendants, jointly and severally, actual damages, additional statutory damages under the DTPA, exemplary damages, statutory penalties, pre-judgment interest, post judgment interest, attorney's fees, costs and such other relief to which Plaintiffs may be justly entitled.

**LAW OFFICES OF JAVIER VILLARREAL, PLLC**

2401 WILD FLOWER DRIVE, SUITE A.
BROWNSVILLE, TEXAS 78526
PHONE:      (956)544-4444
FACSIMILE: (956) 550-0877


BY:  */s/ Reggie Blakeley*
JAVIER VILLARREAL
STATE BAR NO. 24028097

REGGIE BLAKELEY
STATE BAR NO. 24077845
*Service email: reggie@jvlawfirm.com

ATTORNEYS FOR PLAINTIFF